**PARKER IBRAHIM & BERG LLP**
MARIEL GERLT-FERRARO (CA Bar No. 251119)
mariel.gerlt-ferraro@piblaw.com
MATTHEW S. HENDERSON (CA Bar No. 274252)
matthew.henderson@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Plaintiff Therabody, Inc.

**FISH & RICHARDSON P.C.**
Christopher S. Marchese (Bar No. 170239)
633 West Fifth Street, 26th Floor
Los Angeles, California 90071
Telephone: (213) 533-4240
Facsimile: (858) 678-5099

*(Additional Counsel Listed on Signature Page)*

Attorneys for Defendant
DJO, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DJO, LLC, a Delaware LLC, dba COMPEX, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-09327-GW-RAO<br><br>**JOINT REPORT FOLLOWING FED. R. CIV. P. 26(f) CONFERENCE**<br><br>Scheduling Conference<br>Date; July 28, 2022<br>Time: 8:30 a.m.<br>Ctrm: 9D |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Order dated June 2, 2022 (Dkt. 35), Plaintiff Therabody, Inc. ("**Therabody**" or "**Plaintiff**") and Defendant DJO, LLC, a Delaware LLC, dba Compex ("**DJO**" or "**Defendant**") respectfully submit this Joint Report in the above-referenced action. Counsel for both parties met and conferred regarding the matters addressed herein beginning on June 22, 2022.

## I.   MATTERS TO BE ADDRESSED UNDER FED. R. CIV. P. 26(f)

### A.   Nature and Basis of Case and Claims and Defenses

In this case, Therabody asserts eleven separate causes of action against Defendant DJO by and through its First Amended Complaint: (1) Federal False Designation of Origin, 15 U.S.C. § 1125(a); (2) Federal Unfair Competition, 15 U.S.C. § 1125(a); (3) Common Law Trade Dress Infringement; (4) Infringement of U.S. Patent No. 10,918,565, 35 U.S.C. § 101 et seq.; (5) Infringement of U.S. Patent No. 10,857,064, 35 U.S.C. § 101 et seq.; (6) Infringement of U.S. Patent No. D849,261, 35 U.S.C. § 101 et seq.; (7) Infringement of U.S. Patent No. D861,182, 35 U.S.C. § 101 et seq.; (8) Infringement of U.S. Patent No. D850,640, 35 U.S.C. § 101 et seq.; (9) Infringement of U.S. Patent No. D859,680, 35 U.S.C. § 101 et seq.; (10) Infringement of U.S. Patent No. D845,500, 35 U.S.C. § 101 et seq.; and (11) State Unfair Business Practices. U.S. Patent Nos. 10,918,565, 10,857,064, D849,261, D861,182, D850,640, D859,680, D845,500, and D845,500 will hereinafter be referred to as the "**Asserted Patents**".

More specifically, Therabody alleges that DJO has infringed each of the Asserted Patents by making, using, selling, offering to sell and/or importing the Compex Fixx 2.0 percussive massage device ("**First Accused Device**") and the Compex Fixx 1.0 percussive massage device ("**Second Accused Device**"), as well as four attachments alleged to infringe the designs claimed in the '261, '182, '640, '680, and '500 patents ("**Accused Attachments**", together with the First Accused Device and Second Accused Device, the "**Accused Products**"). Further, Therabody alleges

that it has developed trade dress rights in the distinctive blue color used on its products in specific locations, and in its marketing and advertising, and asserts that DJO has intentionally and deliberately copied and attempted to replicate Therabody's Trade Dress as utilized in the Accused Products to deceive members of the public into believing that Defendant's products are associated with Plaintiff, infringing Plaintiff's Trade Dress rights and violating both federal and state unfair competition laws.

Defendant moved to dismiss the claims within the First Amended Complaint, which motion was denied by this Court on June 2, 2022. Defendant answered the First Amended Complaint on June 16, 2022, with Affirmative Defenses and Counterclaims (Dkt. No. 36). By the counterclaims, Defendant seeks: (1) a Declaration of Noninfringement of U.S. Patent No. 10,918,565; (2) a Declaration of Invalidity of U.S. Patent No. 10,918,565; (3) a Declaration of Noninfringement of U.S. Patent No. 10,857,064; (4) a Declaration of Invalidity of U.S. Patent No. 10,857,064; (5) a Declaration of Noninfringement of U.S. Patent No. D849,261; (6) a Declaration of Invalidity of U.S. Patent No. D849,261; (7) a Declaration of Noninfringement of U.S. Patent No. D861,182; (8) a Declaration of Invalidity of U.S. Patent No. D861,182; (9) a Declaration of Noninfringement of U.S. Patent No. D850,640; (10) a Declaration of Invalidity of U.S. Patent No. D850,640; (11) a Declaration of Noninfringement of U.S. Patent No. D859,680; (12) a Declaration of Invalidity of U.S. Patent No. D859,680; (13) a Declaration of Noninfringement of U.S. Patent No. D845,500; (14) a Declaration of Invalidity of U.S. Patent No. D845,500; (15) a Declaration of Noninfringement of Alleged Trade Dress; (16) a Declaration of Invalidity of Alleged Trade Dress; and (17) a Declaration of No Liability Under Cal. Bus. & Prof. § 17200. Plaintiff has not yet replied to the counterclaims but reserves all rights in its response.

DJO is a leading developer and distributor of medical devices for musculoskeletal health, joint reconstruction, vascular health, and pain management, including DJO's Compex brand, which markets the Fixx 1.0 and Fixx 2.0 Massagers

that Therabody accuses of infringement. DJO denies that it infringes or has infringed any claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents. DJO also alleges that each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112. With respect to Plaintiff's allegations of trade dress infringement (including its allegations of False Designation of Origin, Unfair Competition, and/or Unfair Business practices, all of which are predicated on its trade dress infringement allegations), DJO denies that it infringes or has infringed Plaintiff's purported trade dress. DJO also denies that Plaintiff has any protectable trade dress, including at least because any purported trade dress it has identified is not non-functional and lacks required distinctiveness.

### B. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over the trade dress, false designation and patent claims in this action pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121. This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. §1367 because the claims are so related to Therabody's claims under federal law that they derive from a common nucleus of operative fact and form part of the same case or controversy.

### C. Possibility of Early Resolution

Therabody and DJO are engaged in settlement discussions. The parties agree to mediation before a magistrate judge as the preferred mechanism for alternative dispute resolution at this time.

### D. Discovery Matters

#### 1. Initial Disclosures

The parties propose that the parties exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1) by no later than August 4, 2022.

## 2. Scope of Discovery: Parties and Evidence

### a. Plaintiff's Anticipated Discovery:

Therabody anticipates conducting discovery regarding, among other matters, the following:

The operation, design and motivation for the design of Defendant's Accused Products, including evidence of copying;

Defendant's advertising, development, promotion, marketing and sales of the Accused Products;

When Defendant first became aware of Therabody's products, patents or patented products;

Defendant's knowledge of Plaintiff's patents and trade dress;

Steps, if any, Defendant has taken to avoid infringement after learning of Plaintiff's patents and trade dress; and

Defendant's sales, revenues and profits pertaining to the Accused Products.

Plaintiff anticipates taking written discovery as well individual and corporate depositions.

Plaintiff Therabody's damages in its case are yet to be determined, but will be disclosed in accordance with the Scheduling Order in this case. Therabody may be seeking Defendant's profits, its lost profits, price erosion, convoyed sales, a reasonable royalty for sales lost as a result of Defendant's infringing sales, and/or any other applicable damages recoverable on Therabody's claims. In addition to damages, Therabody seeks enhanced damages due to Defendant's willful infringement, attorneys' fees, and costs incurred by Therabody in connection with this action as well as pre-judgment and post-judgment interest. Therabody reserves the right to provide information and to identify and produce documents concerning its damages computation after further discovery and investigation.

Plaintiff reserves the right to identify the relevant witnesses as discovery progresses. Plaintiff's key documents include documents reflecting or evidencing

Therabody's patents and trade dress, documents evidencing the design and operation of Defendant's Accused Products, documents reflecting or evidencing Therabody's goods sold in connection with, or covered by, Therabody's patents and trade dress, and documents reflecting or evidencing the amount spent by Therabody in developing Therabody's patents and trade dress.

Plaintiff reserves the right to supplement and modify this list of witnesses and documents after further case development and discovery.

### b. <u>Defendant's Anticipated Discovery</u>

Without waiving its right to seek discovery on any subject matter if and when warranted by the facts and circumstances of this case, DJO anticipates seeking discovery on the following non-exhaustive subjects:

1. The Asserted Patents, their file histories, and priority claims;
2. Conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents;
3. Prosecution of the Asserted Patents;
4. Commercial embodiments, prototypes, or other embodiments of the Asserted Patents, including evidence related to the first public use and offer to sell the subject matter claimed by the Asserted Patents;
5. Plaintiff's proposed claim constructions for the Asserted Patents;
6. Plaintiff's infringement contentions;
7. Plaintiff's allegations of willful infringement;
8. Plaintiff's positions on validity and enforceability of the Asserted Patents;
9. Prior art to the Asserted Patents;
10. Evidence related to any purported non-obviousness of the Asserted Patents, including any alleged secondary considerations of non-obviousness;
11. The inventor and any prior co-inventors named on the applications

leading to the Asserted Patents;

12. Plaintiff's ownership of the Asserted Patents;

13. Investment in the Asserted Patents or in the litigation;

14. Plaintiff's licensing and/or attempted licensing of the Asserted Patents or any other alleged intellectual property, including Tademarks and/or Trade Dress rights;

15. Plaintiff's decision to file suit and selection of accused products;

16. Facts relating to Plaintiff's allegations and supporting Defendant's denials, affirmative defenses, and other defenses;

17. Evidence related to Plaintiff's alleged damages;

18. Financial information relevant to Plaintiff's commercial embodiments of the alleged inventions in the Asserted Patents, including sales, revenue, costs, and profits relating to such embodiments and forecasts regarding same, and specifically including information and documents sufficient to determine or calculate net profits.

19. Information relevant to the *Georgia-Pacific* factors that might bear on the calculation of a reasonable royalty, including but not limited to Plaintiff's licensing practices and licensing history;

20. Marketing, advertising, or promotional information relevant to the Plaintiff's asserted patents or any commercial embodiments of the alleged inventions in the Asserted Patents, including manuals, instructions, advertising, market studies, and consumer surveys;

21. Plaintiff's alleged trade dress(es), including the identification thereof, its contentions regarding the trade dress(es)' alleged non-functionality, alleged distinctiveness, and any alleged likelihood of confusion;

22. Any surveys conducted by Plaintiff tending to show or disprove likelihood of confusion;

23. Plaintiff's use of its alleged trade dress, including it history of use,

consistency of use, placement, and other issues related to the alleged use of its asserted trade dress; and

24. Plaintiff's attempts to protect and or register any alleged trade dress, including any refusal of such applications for registration.

### 3. Discovery Cutoff

The Parties propose 90 days after the Court's Claim Construction Order as the cutoff date for completion of all fact discovery.

### 4. Discovery Phases

The Parties agree that discovery should be phased so that fact discovery precedes expert discovery. *See* Proposed Schedule, *infra*.

### 5. Discovery Limitations

Except as noted below, the parties do not believe that any changes should be made to the Federal Rules of Civil Procedure's and this Court's Local Rules limitations on discovery at this time, but reserve the right to change their respective positions in the future.

The parties agree that the parties shall each be limited to 25 Requests for Admission pursuant to Federal Rule of Civil Procedure 36.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to service via email transmission for service that does not otherwise occur by virtue of the Court's electronic filing system.

### 6. Electronically Stored Information

The parties are not presently aware of any unusual issues related to the disclosure, discovery, or preservation of electronically stored information (ESI). The parties intend to file with the Court a Stipulated ESI Order if possible, which will address the disclosure of ESI information.

### 7. Privilege or Other Protections

The parties intend to file with the Court a Stipulated Protective Order which will address privilege and work product issues as well as protections for confidential

information produced by the parties and third parties during discovery.

The parties intend to agree on reciprocal requirements with respect to privilege logs and related matters. The parties agree that responsive documents protected by the attorney-client privilege and/or work product doctrine with respect to this action that were created after the filing of this action need not be identified on any privilege log. Therabody does not agree that privileged documents and/or work product regarding other litigations instituted by Therabody must be logged on a privilege log in this case. DJO has not agreed to this position, but it agrees to work in good faith with Therabody on reciprocal requirements with respect to privilege logs and related matters

### E. Complexity (Local Rule 26-1(a)):

The parties do not believe that there is a need to utilize the Manual for Complex Litigation.

### F. Motion Schedule (Local Rule 26-1(b))

See Section II, *infra*.

### G. ADR (Local Rule 26-1(c)):

The parties prefer mediation with a magistrate judge as their ADR preference (ADR PROCEDURE NO. 1).

The parties believe that such mediation should occur by September 19, 2022.

### H. Trial Estimate (Local Rule 26-1(d)):

Plaintiff estimates that the trial will require approximately 5 court days. DJO anticipates the trial will require approximately 7-10 court days, depending on the number of patents and/or causes of action Plaintiff maintains and/or that survive for trial.

The parties propose that trial be commenced on or after 120 days after completion of summary judgment briefing, subject to the Court's availability.

### I. Additional Parties (Local Rule 26-1(e)):

At this time, the parties do not anticipate the addition of new parties to this action. The parties propose that the deadline to join parties be set for 60 days after

entry of the Court's Scheduling Order. However, both parties reserve the right to seek to join additional parties for good cause shown if and when warranted by the facts and circumstances of the case.

**J.  Expert Witnesses (Local Rule 26-1(f)):**

See Section II, *infra*.

**K.  Additional Orders**

The parties propose that dates shown below in Section II be included in the Court's scheduling order pursuant to Rule 16(b).

## II. PROPOSED SCHEDULE FOR DISCOVERY, EXPERT DISCLOSURES, AND TRIAL

The parties' proposals for the case schedule are set forth in the table below.

In this case, Plaintiff has alleged patent and trade dress infringement, as well as unfair competition claims, and Defendant has asserted defenses and counterclaims based on patent invalidity, trade dress invalidity, and noninfringement. In order to facilitate the efficient and orderly exchange of contentions and briefing on any disputed claim terms for the asserted patent claims, the parties have agreed to exchange certain patent related disclosures as described in the Standing Patent Rules ("S.P.R") established by Judge Andrew J. Guilford (Ret.) (Appendix A), as modified by the parties' proposed schedule, as set forth in the table below. To the extent any requirement of the parties' proposed schedule below conflicts with any portion of the S.P.R., the parties agree that the proposed schedule below shall govern. Specifically, Plaintiff will first serve infringement contentions, and Defendant will then serve invalidity contentions. The parties will exchange proposed terms for claim construction, followed by proposed claim constructions and supporting evidence. The parties will thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing and resolving differences and facilitating the ultimate preparation of a joint claim construction statement. The parties will then submit to the Court a joint claim construction statement, simultaneous opening claim construction briefs, and

simultaneous responding claim construction briefs. Plaintiff proposes that the Court hold a Claim Construction Hearing and, if desired, a tutorial on the technology, as soon as feasible after briefing is concluded.

| Event | Joint Proposed Schedule |
|---|---|
| Exchange Rule 26(a)(1) disclosures | August 4, 2022 |
| Scheduling Conference | July 28, 2022 |
| Mediation with Magistrate Judge | On or before September 19, 2022 |
| Last Day to Amend Pleading or Add Parties | 60 days after entry of Scheduling Order |
| Infringement contentions (S.P.R. 2.1, 2.2) | October 28, 2022 |
| Invalidity contentions (S.P.R. 2.5, 2.6) | December 22, 2022 |
| Exchange claim terms (S.P.R. 3.1) | January 5, 2023 |
| Exchange proposed claim constructions and evidence (S.P.R. 3.2) | January 26, 2023 |
| Meet and confer regarding claim constructions | February 9, 2023 |
| Completion of Claim Construction Discovery (S.P.R. 3.3) | February 23, 2023 |
| Joint Claim Construction Statement and Prehearing Statement (S.P.R. 3.4) | March 2, 2023 |
| Each party files opening claim construction brief (S.P.R. 3.5) | March 16, 2023 |
| Each party files responsive claim construction brief (S.P.R. 3.5) | April 13, 2023 |
| Claim Construction Hearing | April or May 2023, subject to Court's availability |

| Event | Joint Proposed Schedule |
|---|---|
| Close of Fact Discovery | 90 days after the Court's Claim Construction Order |
| Initial Expert Witness Disclosure (on the issues on which each party bears the burden of proof) | 30 days after the Close of Fact Discovery |
| Initial Expert Witness Disclosures (on the issues on which the opposing party bears the burden of proof) | 30 days after the Initial Expert Witness disclosures |
| Close of Expert Discovery | 30 days after the Initial Expert Witness disclosures (on the issues on which the opposing party bears the burden of proof) |
| Last day to file Motions for Summary Judgment or other dispositive motions. Claim construction issues, if any, should be briefed in connection with motions for summary judgment | 30 days after Close of Expert Discovery |
| Responses to Motions for Summary Judgment or other dispositive motions | 21 days after last day to file Motions for Summary Judgment or other dispositive motions |
| Replies to Responses to Motions for Summary Judgement or other dispositive motions | 7 days after the last day to file Responses |
| File Memo of Contentions of Fact and Law (L.R. 16-4); Exhibit & Witness Lists (L.R. 16-5, 6) | 21 Days Before Final Pre-trial Conference |
| Motion *in Limine* Briefs | 45 days before Pretrial Conference |
| File Pre-trial Conference Order (L.R. 16-7) | 11 Days Before Final Pre-trial Conference |

| Event | Joint Proposed Schedule |
|---|---|
| Final Pre-trial Conference | 90 days after completion of summary judgment briefing (subject to Court's availability) |
| Opposition Motion *in Limine* Briefs | 25 days before Pre-Trial Conference |
| File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions, Verdicts, etc. | 16 days before Trial |
| Reply Motion *in Limine* Briefs | 10 days before Pre-Trial Conference |
| Trial | 120 days after completion of summary judgment briefing (subject to the Court's availability) |

DATED: July 13, 2022    PARKER IBRAHIM & BERG LLP


By: ___*/s/ Mariel Gerlt-Ferraro*___
MARIEL GERLT-FERRARO
MATTHEW S. HENDERSON
Attorneys for Plaintiff Therabody, Inc.


DATED: July 13, 2022    FISH & RICHARDSON P.C.
CHRISTOPHER S. MARCHESE
MICHAEL A. AMON
NOAH GRAUBART


By: ___*/s/ Michael A. Amon*___
CHRISTOPHER S. MARCHESE
MICHAEL A. AMON
NOAH GRAUBART
Attorneys for Defendant DJO, LLC

## CERTIFICATION

I, Mariel Gerlt-Ferraro, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/    Mariel Gerlt-Ferraro*
MARIEL GERLT-FERRARO

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Therabody, Inc. v. DJO, LLC*
USDC, Central District, Case No.: 2:21-cv-09327-GW-RAO

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLP,** 695 Town Center Drive, 16th Floor, Costa Mesa, CA 92626.

On July 13, 2022, I served the foregoing document(s) described as **JOINT REPORT FOLLOWING FED. R. CIV. P. 26(f) CONFERENCE** on the interested parties in this action.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 13, 2022, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

# SERVICE LIST

*Therabody, Inc. v. DJO, LLC*
USDC, Central District, Case No.: 2:21-cv-09327-GW-RAO

| | |
|---|---|
| Christopher S. Marchese<br>Fish and Richardson PC<br>633 West 5th Street 26th Floor<br>Los Angeles, CA 90071 | ***Attorneys for Defendant DJO, LLC***<br><br>T:  213.533.4240<br>F:  858.678.5099<br>E:  marchese@fr.com |
| Michael A Amon<br>Fish and Richardson PC<br>12860 El Camino Real Suite 400 San Diego, CA 92130 | ***Attorneys for Defendant DJO, LLC***<br><br>T:  858.678.5070<br>F:  858.678.5099<br>E:  amon@fr.com |
| Noah C. Graubart<br>Fish and Richardson PC<br>1180 Peachtree Street NE,<br>21st Floor Atlanta, GA 30309 | ***Attorneys for Defendant DJO, LLC***<br><br>T:  404.892.5005<br>F:  404.892.5002<br>E:  graubart@fr.com |